UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AXEL RAMIREZ MELO-GRANADOS,

Petitioner,

v.

THE UNITED STATES OF AMERICA,

Respondent.

Case No. 1:26-cv-8514-TLN-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner was admitted to the United States in March 2019 on a B2 nonimmigrant visa that he overstayed. ICE detained him on August 19, 2026. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On March 10, 2019, immigration authorities admitted petitioner to the United States with a B2 nonimmigrant visitor visa that was valid until September 9, 2019. ECF No. 8-1 at 3. Petitioner stayed in the United States after his visa expired. *Id.* On August 19, 2026, petitioner was detained by ICE at the Oakland Airport. *Id.* at 2; ECF No. 8-3. Petitioner requested that an immigration judge review ICE's custody determination. *Id.*

On October 6, 2026, an immigration judge held a bond hearing and denied bond, finding that petitioner was a flight risk. ECF No. 8-5. Petitioner has no criminal history. ECF No. 8-1 at 3.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention by ICE violates due process.[1] ECF No. 1 at 32. Respondent argues that petitioner is being detained under section 1226(a) and has already received the bond hearing in immigration court to which he is entitled. ECF No. 8-1.

The court has previously held that noncitizens admitted to the United States pursuant to a visa but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

government from detaining them without adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Duran A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-7074-TLN-SCR, 2026 WL 2731293 (E.D. Cal. Sept. 16, 2026); *G.C. v. Andrews*, No. 1:26-cv-0874-TLN-SCR, 2026 WL 2334141, at *1 (E.D. Cal. Aug. 12, 2026); *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv4311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-2026-DAD-EFB, 2026 WL 788112 (E.D. Cal Mar. 20, 2026); *Torrealba Carrasquel v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-6867-DAD-JDP, 2026 WL 2621102 (E.D. Cal. Sept. 4, 2026)..

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the over seven years since he entered the United States on a nonimmigrant visa. That liberty interest "could not be revoked absent notice and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4.

Petitioner was not provided constitutionally compliant pre-deprivation process when ICE detained him. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024) (procedural due process requires the government to bear the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases). Further, petitioner was not provided an immigration court bond hearing until almost two months after he requested one. ECF No. 8-3 at 1. At that hearing, he was required to bear the burden of proof, *see Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA

2018), and the immigration judge did not explain why she found that petitioner, who has lived in the United States for over seven years, was a flight risk.[2] *See* ECF No. 8-5 at 1.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Respondent has not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk, and it concedes that petitioner has no criminal history. *See* ECF No. 8; ECF No. 8-1 at 3. There is no evidence, nor has respondent presented any argument, suggesting that there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Moreover,

---

[2] There is no requirement that petitioner appeal that bond hearing to the BIA, as the BIA will not be able to consider the due process challenge. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer).

respondent "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)). Under these circumstances, I find that the "typical remedy" of release is appropriate. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 246-934-696) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to serve Golden State Annex Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE